UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN K. JENSEN,<br><br>    Plaintiff,<br><br>vs.<br><br>VIRGIN ATLANTIC *et al.*,<br><br>    Defendant(s). | Case No.: 12-CV-06227 YGR<br><br>ORDER GRANTING MOTION TO REMAND; AND DENYING MOTION TO DISMISS |

    Plaintiff Christian Jensen brought this action in San Francisco County Superior Court against Virgin Atlantic and "TSA Agency" for grievances arising out of an international flight from San Francisco, California to London, England in 2008. During the course of his travel Virgin Atlantic overcharged him for checked baggage, lost or stole valuable items from his luggage, and then refused to take remedial action after Plaintiff complained. Plaintiff alleges seven claims: (1) Negligence; (2) Unfair Business Practices in Violation of Cal. Bus. & Prof. Code § 17500; (3) Negligent Infliction of Emotional Distress; (4) Intentional Infliction of Emotional Distress; (5) Fraud; (6) Breach of Contract; and (7) Conversion.

    Virgin Atlantic removed this action from the San Francisco County Superior Court under 28 U.S.C. § 1441 on the grounds that even though Plaintiff asserts only state law causes of action, his claims are completely preempted by the Convention for the Unification of Certain Rules for International Carriage by Air ("Montreal Convention"); and the Airline Deregulation Act, 49 U.S.C. § 41713. Virgin Atlantic then moved to dismiss all claims, asserting that the action is barred by the Montreal Convention's two-year statute of limitations. Plaintiff's opposition to the motion to dismiss seeks remand on the grounds that the Montreal Convention does not completely preempt all of his claims so as to provide federal removal jurisdiction. The Court heard oral argument on March 19, 2013.

Having carefully considered the papers submitted, the Complaint, the Notice of Removal, and the argument of counsel, the Court hereby **GRANTS** Plaintiff's Motion to Remand. Because neither the Montreal Convention nor the Airline Deregulation Act provide a jurisdictional basis for removal under the complete preemption doctrine, removal under the complete preemption doctrine alone was improper. Therefore, the Court **REMANDS** this action to the San Francisco County Superior Court.

## I. BACKGROUND

On November 3, 2008, Plaintiff travelled from San Francisco, California to London, England on Virgin Atlantic. Plaintiff attempted to check two bags for his flight, as allowed under his flight contract, but Virgin Atlantic's ticket agent required him to pay an extra $400 baggage fee in breach of the parties' contract. (Complaint ¶ 7.) Additionally, when Plaintiff's bags arrived in London, items were missing because Virgin either stole or destroyed them. (*Id.* ¶¶ 13, 63-67.)

Plaintiff notified Virgin Atlantic of these and other problems by telephone and mail but Defendant refused to take corrective action. (*Id.* ¶¶ 14-15.) Virgin Atlantic failed to pay damages or discipline any of its employees. (*Id.*) Plaintiff alleges that the aforementioned conduct breached the parties' contract; constitute unfair business practices likely to deceive the public; and was done intentionally to cause Plaintiff harm. (*Id.* ¶¶ 30-32, 44, 61.)

Defendant Virgin Atlantic removed this action invoking this Court's federal question jurisdiction on the grounds that each of Plaintiff's claims is completely preempted by the Montreal Convention and the Airline Deregulation Act, and therefore, each claim arises under the laws and treaties of the United States.

## II. PREEMPTION REMOVAL JURISDICTION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removal statute, 28 U.S.C. § 1441, is "strictly construe[d] … against removal jurisdiction," and any doubt as to the right to removal should be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This presumption against removal means that "the

defendant always has the burden of establishing that removal is proper." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (quoting *Gaus*, *supra*, 980 F.2d at 566).

Federal question jurisdiction requires that the case arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In general, a cause of action can be said to arise under the laws and treaties of the United States only if the plaintiff's well-pleaded complaint raises a federal question. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983).

> To determine whether the claim arises under federal law, we examine the "well pleaded" allegations of the complaint and ignore potential defenses: a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.

*Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (internal citations omitted).

A corollary to this "well-pleaded" complaint rule is the complete preemption doctrine.[1] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Where "the preemptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule,'" removal is proper under the complete preemption doctrine. *See id*. Complete preemption allows the defendant to remove a case—notwithstanding the plaintiff's jurisdictionally insufficient pleading—on the basis that the claims are "necessarily" and "exclusive[ly]" federal. *Kaucky v. Southwest Airlines Co.*, 109 F.3d 349, 351 (7th Cir. 1997) ("When federal law creates an exclusive remedy for some wrong, displacing any remedy that the states may have created for it, a suit to redress that wrong necessarily arises under federal law."). "In such instances, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861-62 (9th Cir. 2003) (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000)). The result is that a plaintiff's state law cause of action is recharacterized as a federal claim for relief, making removal proper on the basis of federal question jurisdiction. *Franchise Tax Board*, *supra*, 463 U.S. at 23-24.

---

[1] "The use of the term 'complete preemption' is unfortunate, since the complete preemption doctrine is not a preemption doctrine but rather a federal jurisdiction doctrine." *Lister v. Stark*, 890 F.2d 941, 945 n.1 (7th Cir. 1989).

**III.    DISCUSSION**

The doctrine of complete preemption has a limited application. The Supreme Court has found the complete preemption doctrine to apply to only three statutes: Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, *Avco Corp. v. Machinists*, 390 U.S. 557, 561-62 (1968); Section 502 of the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987); and Sections 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85-86, *Beneficial Nat'l Bank*, *supra*, 539 U.S. at 11 (state usury claims against national banks). Complete preemption occurs when Congress intends not merely to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject matter from state to federal court. *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (citing *Metropolitan Life*, *supra*, 481 U.S. at 65-66). "[T]he touchstone of the federal court's removal jurisdiction is … the intent of Congress." *Metropolitan Life*, *supra*, 481 U.S. at 65. "The test [for complete preemption] is whether Congress clearly manifested an intent to convert state law claims into federal-question claims." *Wayne*, *supra*, 294 F.3d at 1184 (quoting *Holman v. LauloRowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993)).

Virgin Atlantic argues that the Montreal Convention has such preemptive force over Plaintiff's claims that the treaty occupies the entire field. Separately, Virgin Atlantic makes this same argument regarding complete preemption under the Airline Deregulation Act.

**A.    MONTREAL CONVENTION**

The Montreal Convention, June 23, 2000, S. Treaty Doc. No. 106-45, 2242 U.N.T.S. 309, is an international treaty governing airliner liability for the "international carriage of persons, baggage or cargo performed by aircraft." Art. 1. The Montreal Convention's exclusivity provision preempts certain state law causes of action in cases arising out of international carriage. *See El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 169 (1999) (interpreting predecessor Warsaw Convention Treaty).[2] With respect to liability, the Montreal Convention establishes a unified system of rules

---

[2] Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3014, T.S. No. 876 (1934). *Tseng*, which involved the preemptive effect of the Montreal Convention's predecessor treaty, the Warsaw Convention, did not confront a complete preemption defense and consequently, did not address the issue of whether removal was proper under the complete preemption doctrine.

4

regarding passenger claims for personal injury arising out of an accident, wrongful death, loss or damage to baggage, loss or damage to goods, and damages resulting from a transportation delay. Montreal Convention, *supra*, Arts. 17-19.[3] The Montreal Convention establishes the conditions for such claims, and sets limits on a claimant's recovery when the conditions are met. *Id.* Arts. 21-22.

Neither the Supreme Court nor the Ninth Circuit has ruled on whether the Montreal Convention completely preempts a plaintiff's state law causes of action. Courts that have reached the issue of the Montreal Convention's preemptive effect are split. *Compare Zatta v. Societe Air France*, 2011 WL 2472280 (C.D. Cal. Jun. 21, 2011); *Serrano v. American Airlines, Inc.*, 2008 WL 2117239, at *7 (C.D. Cal. May 15, 2008) ("Montreal Convention does not completely preempt claims such as Plaintiffs' from being litigated in state court")[4]; *Nankin v. Continental Airlines, Inc.*, 2010 WL 342632, at *8 (C.D. Cal. Jan. 29, 2010) ("The court is not persuaded that state law claims such as plaintiffs' are preempted by the Montreal Convention."); *Narkiewicz–Laine v. Scandinavian Airlines Sys.*, 587 F. Supp. 2d 888, 890 (N.D. Ill. 2008) ("Because the conditions and limits of the Montreal Convention are defenses to the state-law claims raised by plaintiff, they do not provide a basis for federal-question subject matter jurisdiction"); and *Cosgrove-Goodman v. UAL Corp.*, 2010 WL 2197674 (N.D. Ill. Jun. 2, 2010) (remanding action to state court), *with Knowlton v. American Airlines, Inc.*, 2007 WL 273794 (D. Md. Jan. 31, 2007) (Montreal Convention provides jurisdictional removal); *Schoeffler-Miller v. Northwest Airlines, Inc.*, 2008 WL 4936737 (C.D. Ill. Nov. 17, 2008) (same); and *In re Air Crash at Lexington, KY*, 501 F. Supp. 2d 902 (E.D. Ky. 2007) (if a state law claim falls under the Montreal Convention, then it is completely preempted).

---

[3] Article 17 establishes carrier liability for death or bodily injury to passengers and damage to checked and unchecked baggage—but distinguishes between "accident[s] … on board the aircraft" and "event[s] … on board the aircraft or during any period within which the checked baggage was in the charge of the carrier" that cause damage to baggage. Montreal Convention, Art. 17(1)-(2). Article 18(1) imputes liability to carriers "in the event of the destruction or loss of or damage to, cargo" caused by an "event" during "carriage by air." *Id.* Art. 18. Article 19 describes the liability of a carrier for damages caused by delay of passengers, baggage, or cargo, and provides for carrier exoneration only where the carrier took all reasonable steps to avoid such damages. *Id.* Art. 19.

[4] Virgin Atlantic devotes nearly two pages of its brief to argue that the Court should not consider the *Serrano* decision because the case is not binding, not published, and relies on a dissenting opinion in an Eighth Circuit decision.

For the following four reasons, this Order will follow the decisions of the district courts in California that hold the exclusivity provisions of the Montreal Convention operate as an affirmative defense but do not completely preempt state law causes of action.  First, by its own language, the Montreal Convention does not completely displace all causes of action based in state law.  *See* Montreal Convention, Art. 29.  Article 29 specifically contemplates actions in contract, tort, and "other."  *Id.* ("any action for damages, however founded, whether under this Convention *or* in contract or in tort or otherwise") (emphasis supplied).[5]  Second, the Montreal Convention enumerates exceptions under which an air carrier cannot avail itself of the provisions of the Convention that limit or exclude its liability, also suggesting that complete preemption is not applicable.  *See id.* Arts. 22 (damage to the bags caused by intentional or reckless act of airline or its agents) & 30 (willful misconduct).  Third, while the Montreal Convention's exclusivity provisions may preempt state laws, claims falling outside of its scope may be brought under state law if state law gives rise to a cause of action.  *See Nankin*, *supra*, 2010 WL 342632, at *7 (Montreal Convention not applicable because plaintiff alleged "that, through its employees, Continental refused to perform the contract").  Finally, not all damage actions related to international air travel arise under the Montreal Convention. *Lathigra v. British Airways PLC*, 41 F.3d 535, 539 (9th Cir. 1994) (holding that Warsaw Convention does not apply to total nonperformance of a contract).[6]

Defendant has cited no controlling authority that requires this Court hold that the Montreal Convention completely preempts Plaintiff's state law causes of action.  The only Ninth Circuit case it

---

[5] Article 29 – Basis of Clams
   In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights.  In any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable.

Montreal Convention, Art. 29.

[6] Even under the Warsaw Convention "auxiliary issues" not addressed by the Convention, such as who may recover and for what harms they may be compensated, were left to domestic law.  *Tseng*, *supra*, 525 U.S. at 169-70; *Zicherman v. Korean Air Lines Co.*, 516 U.S. 217, 225 (1996) (holding that the question of whether loss of society damages may be recovered under the Warsaw Convention is an issue governed by domestic law).

has cited did not involve complete preemption removal as the plaintiff had pled causes of action under the Warsaw Convention. In addition, the one Northern District case cited by Defendant preceded the Montreal Convention. Defendant argues that other circuits have found that the Warsaw Convention provides for removal jurisdiction[7] but Defendant does not address whether the Montreal Convention's preemptive effect is substantially the same as that of the Warsaw Convention.[8] Indeed, the majority of the cases that Defendant cites do not address the issue of remand of cases removed pursuant to the complete preemption doctrine.[9] In sum, Virgin Atlantic has failed to meet its burden of establishing federal subject matter jurisdiction. *See Gaus*, *supra*, 980 F.2d at 566.

Based on the foregoing analysis, the Court finds that removal under the Montreal Convention based upon the complete preemption doctrine was improper.

**B. AIRLINE DEREGULATION ACT**

The Airline Deregulation Act ("ADA") expressly prohibits states from enacting or enforcing any law or regulation relating to "price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1) ("States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier"). Defendant argues removal under the ADA was proper because the "gravamen of plaintiff's complaint addresses baggage handling, which constitutes a 'service' under the ADA."[10]

This basis for removal fails to distinguish between complete preemption and defensive or conflict preemption. A defendant cannot remove a case on the ground that the state law claims are

---

[7] "[M]ost provisions of Montreal and Warsaw Conventions are substantially the same, and, as a result, the legal precedents developed under the Warsaw Convention still apply to the Montreal Convention." *Smith v. American Airlines, Inc.*, 09-CV-02903 WHA, 2009 WL 3072449 (N.D. Cal. Sep. 22, 2009).

[8] Defendant also failed to note the Circuit split regarding the preemptive force of the Warsaw Convention. *See, e.g., Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co.*, 522 F.3d 776 (7th Cir. 2008) (the Warsaw Convention is not the exclusive ground for recovery, and state tort and contract claims, consistent with the Convention, may be brought as well).

[9] Only two of the cases hold that the Montreal Convention completely preempts state law, both of which Defendant cites in a footnote.

[10] Defendant also argues that the motion to remand should be denied on the grounds that Plaintiff failed to address this basis for removal in his remand motion. Because subject matter jurisdiction cannot be waived, the Court still must consider this basis for removal, and does so with the assistance of Defendant's opposition brief.

7

preempted by federal law (defensive or conflict preemption). *Franchise Tax Board*, *supra*, 463 U.S. at 10; *see Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 116 (1936) ("a suit brought upon a state statute does not arise under an act of Congress or the Constitution … because prohibited thereby."). Federal preemption is merely a defense to the asserted state law liability. *Id*. Removal based upon a defense of federal preemption is not permissible. *Id.*

The Ninth Circuit considered whether the ADA provides a basis for federal jurisdiction under the complete preemption doctrine and held that it does not. *Wayne*, *supra*, 294 F.3d at 1184 (9th Cir. 2002) ("the ADA does not provide a basis for federal jurisdiction under the complete preemption doctrine."); *see also*, *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 232 (1995) ("Nor is it plausible that Congress meant to channel into federal courts the business of resolving … the range of contract claims relating to airline rates, routes, or services. The ADA contains no hint of such a role for the federal courts. In this regard, the ADA contrasts markedly with the ERISA, which does channel civil actions into federal courts."). As such, a state law claim against an airline does not "arise under" Federal law for purposes of removal jurisdiction simply because the ADA prohibits states from regulating airline "rates, routes, or services."

Based on the foregoing analysis, the Court finds that removal under the ADA based upon the complete preemption doctrine was improper.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand, Dkt. No. 18, is **GRANTED**. Virgin Atlantic can move to dismiss Plaintiff's claims in state court on the grounds of conflict preemption but this defense does not establish removal jurisdiction. Virgin Atlantic's Motion to Dismiss, Dkt. No. 7, is **DENIED WITHOUT PREJUDICE** to refile in state court.

The Clerk of Court is **DIRECTED** to **REMAND** this action to the Superior Court for the County of San Francisco.

This Order terminates docket numbers 7 & 18.

**IT IS SO ORDERED**.

Date: March 25, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**